UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Craig L. Hilburn and Patricia A. Hilburn,

      Plaintiffs,

v.

Homecomings Financial, LLC; GMAC
Mortgage, LLC; Ameritrust Mortgage
Corporation, LLC; and all other persons
unknown claiming any right, title, estate,
interest, or lien in the real estate described
in the complaint herein,

      Defendants.

Civil No. 10-1983 (JNE/FLN)
ORDER

      Craig and Patricia Hilburn brought this action in state court against Homecomings Financial, LLC; GMAC Mortgage, LLC; Ameritrust Mortgage Corporation, LLC; and other unknown persons claiming an interest in certain real estate. The Hilburns asserted the following claims: deprivation of due process of law; intentional misrepresentation; negligent misrepresentation; constructive misrepresentation; violations of Minn. Stat. § 550.18 (2010) and Minn. Stat. ch. 580 (2010); and violations of the Uniform Deceptive Trade Practices Act, Minn. Stat. §§ 325D.43-.48 (2010). They sought monetary and injunctive relief. Invoking 28 U.S.C. §§ 1331, 1441 (2006), Homecomings Financial and GMAC Mortgage removed the action from state court. The case is before the Court on Homecomings Financial's and GMAC Mortgage's Motion for Summary Judgment. For the reasons set forth below, the Court dismisses the Hilburns' claim for deprivation of due process of law and otherwise remands their claims to state court. The Court cancels the motion hearing.

      Homecomings Financial and GMAC Mortgage move for summary judgment on Count I, the Hilburns' claim for deprivation of due process of law, on the grounds that the Hilburns have

1

not experienced any damages, that there are no pending foreclosure proceedings, and that the Hilburns cannot demonstrate the requisite government action. In response, the Hilburns state that they "will voluntarily dismiss Count I" because "it is inapplicable to these facts." The Court grants Homecomings Financial's and GMAC Mortgage's motion with respect to Count I and dismisses Count I as to all defendants.

The Hilburns' remaining claims are within the Court's supplemental jurisdiction. *See* 28 U.S.C. § 1367(a) (2006); *cf. Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009). A district court may decline to exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Having dismissed Count I, the sole count within the Court's original jurisdiction, the Court declines to exercise supplemental jurisdiction over the Hilburns' remaining claims. *See Hervey v. Cnty. of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008); *Barstad v. Murray Cnty.*, 420 F.3d 880, 888 (8th Cir. 2005). The Court remands them to state court. *See Lindsey v. Dillard's, Inc.*, 306 F.3d 596, 599 (8th Cir. 2002).

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Homecomings Financial's and GMAC Mortgage's Motion for Summary Judgment [Docket No. 21] is GRANTED as to Count I.

2. Count I is DISMISSED WITH PREJUDICE. The Hilburns' claims are otherwise REMANDED to Minnesota's Tenth Judicial District.

3. The motion hearing on August 3, 2011, is CANCELLED.

4. The Clerk of Court shall mail a certified copy of this Order to the clerk of Minnesota's Tenth Judicial District as required by 28 U.S.C. § 1447(c) (2006).

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  August 2, 2011

>s/ Joan N. Ericksen
>JOAN N. ERICKSEN
>United States District Judge